**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAXX LAWSON,<br>Plaintiff,<br>vs.<br><br>CARVANA, LLC,<br><br>BRIDGECREST ACCEPTANCE CORP.,<br><br>DRIVETIME AUTOMOTIVE GROUP INC.,<br><br>Defendants. | CIVIL ACTION<br><br><br><br>No. |

## COMPLAINT

### JURISDICTION

1. Jurisdiction arises under the FCRA, 15 U.S.C. §1681p, 28 U.S.C. §1332, and 28 U.S.C. §1337. Supplemental jurisdiction over the state law claims arises under 28 U.S.C. §1367. Venue is proper in this district as all defendants do business here and the debt which is the subject of this lawsuit arose here.

### PARTIES

1. Plaintiff MAXX LAWSON is a natural person who resides at 2967 Schoolhouse Lane, Philadelphia PA 19144.

2. Defendant CARVANA, LLC (CARVANA), with an agent for service of civil process in Pennsylvania located at Corporation Service Company 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110, and a Pennsylvania dealer licensed and required established place of business located at 1043 N. Front Street, Philadelphia, PA 19123; at all times relevant, acting

alone or in concert with others, formulated, directed, concealed, controlled, conspired, substantially assisted, enabled and/or participated in the acts and practices set-forth in this Complaint. CARVANA is also a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

3. Defendant, BRIDGECREST ACCEPTANCE CORP. is a corporation licensed to do business in the Commonwealth of Pennsylvania, regularly conducting business therein and having a principal place of business with a registered corporate headquarters located at the above captioned address; at all times relevant, acting alone or in concert with others, formulated, directed, concealed, controlled, conspired, substantially assisted, enabled and/or participated in the acts and practices set-forth in this Complaint.

4. Defendant, DRIVETIME AUTOMOTIVE GROUP INC. ("DRIVETIME") is a corporation licensed to do business in the Commonwealth of Pennsylvania with established place of business and corporate headquarters located at 1720 W. Rio Salado Pkwy, Tempe, AZ 85281, regularly conducting business therein and having a principal place of business with a registered corporate headquarters located at the above captioned address; at all times relevant, acting alone or in concert with others, formulated, directed, concealed, controlled, conspired, substantially assisted, enabled and/or participated in the acts and practices set-forth in this Complaint.

**FACTUAL ALLEGATIONS**

5. On or around June 10, 2022, Plaintiff purchased online from Defendant Carvana a 2016 Mini Countryman, VIN# XXX39076 (hereinafter referred to as "the Vehicle") by

executing a written retail installment contract ("RISC") with Carvana (attached hereto as Exhibit 1).

6. Subsequent to Plaintiff's execution of the RISC, Carvana sold or assigned the RISC to an affiliated company, defendant Bridgecrest.

7. The RISC contained the material term that $135.00 would be paid to public officials for titling and registration of the vehicle.

8. Despite Plaintiff completing and returning the Massachusetts RTA forms sent by CARVANA to Plaintiff with FedEx envelopes provided at least four (4) times, CARVANA failed to transfer title and registration to Plaintiff.

9. On or about August 1, 2022, Plaintiff moved to Pennsylvania with his partner.

10. Due to CARVANA failing to transfer title and provide permanent registration to Plaintiff as it was required to do so pursuant to Plaintiff's payment for such service reflected in the RISC, after numerous temporary tags were issued by CARVANA and expired thereafter, Plaintiff was unable to drive the subject vehicle which he needed for employment.

11. Due to Plaintiff being financially unable to keep paying for a vehicle he could not use, Plaintiff ceased payments to BRIDGECREST on November 1, 2022.

12. As a result of the failure of Carvana to transfer title to Plaintiffs, on or about August 1, 2023, upon the order of CARVANA and/or BRIDGECREST, a tow company repossessed Plaintiff's vehicle.

13. Upon information and belief, defendant BRIDGCREST paid its agents for the service of taking the vehicle unlawfully.

14. Plaintiff has been discouraged from seeking credit to purchase a new vehicle due to the derogatory repossession remark on his credit report putting him in a high interest loan category that will not be affordable.

15. Plaintiff relied upon the RISC and CARVANA's promises to have the vehicle lawfully and permanently registered as evidenced by their agreements in the RISC, his trade-in of his prior vehicle, and his payments on the purchased vehicle (which included the fees imposed and thereafter collected by CARVANA that are specified in ¶ 6 *supra*).

16. BRIDGECREST and DRIVETIME reported a repossession and charge off events on plaintiff's credit for the subject vehicle transaction.

17. On or about October 16, 2023, plaintiff sent to non-party Experian, Equifax and Transunion (hereinafter collectively referred to as "the Agencies") a letter with attachments disputing BRIDGECREST and DRIVETIME's reporting of a repossession event on plaintiff's credit. The Agencies are consumer reporting agencies as defined in 15 U.S.C. §1681(f) of the Fair Credit Reporting Act, regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b) of the Act, to third parties for monetary compensation.

16. The Credit Reporting Agencies' reinvestigation verified with FREEDOM the inaccurate reporting of the debt in all respects that were disputed above.

17. The aforesaid credit reporting by the furnisher, BRIDGECREST and DRIVETIME, was inaccurate and incomplete.

18. The Agencies did not conduct a proper or adequate reinvestigation, but rather simply parroted inaccurate information furnished by BRIDGECREST and DRIVETIME.

19. BRIDGECREST and DRIVETIME failed to conduct a proper reinvestigation, and instead verified as accurate the repossession remark on plaintiff's credit report.

20. As a result of the foregoing events, plaintiff suffered harm consisting of credit damage, the loss of the vehicle as an asset, loss of the use and enjoyment of the vehicle, and loss of time and expense dealing with Defendants' unlawful actions, and the accompanying emotional distress of having the vehicle repossessed, including but not limited to shame, humiliation, loss of sleep, frustration, and anger.

**CAUSES OF ACTION**

**COUNT I - FAIR CREDIT REPORTING ACT**
**(Plaintiff v. BRIDGECREST and DRIVETIME)**

21. All paragraphs above are re-alleged as though fully set forth herein.

22. At all times material herein, Plaintiff is a consumer as that term is defined by 15 U.S.C. §1681a(c).

23. BRIDGECREST and DRIVETIME reported negative, misleading, and derogatory information to the credit bureaus by reporting the debt as a repossession and charge off events for the debt when Defendants were first in breach of the RISC by failing to transfer title and registration to the vehicle after expiration of the vehicle's temporary tag as promised in the RISC and had no right to repossess the vehicle or report any lapse in payments accordingly.

24. Plaintiff contacted BRIDGECREST and DRIVETIME through disputes to the Agencies to dispute the information furnished to the credit bureaus, requesting that the false, negative and derogatory credit reporting be removed.

25. BRIDGECREST and DRIVETIME, instead of correcting the inaccurate reporting,

re-verified it.

26. BRIDGECREST and DRIVETIME are still reporting false and inaccurate information as of the date of this complaint.

27. At all times relevant hereto, BRIDGECREST and DRIVETIME knew or should have known that it was reporting false, inaccurate, and derogatory information about the plaintiff.

28. Pursuant to 15 U.S.C. §1681s-2(b), a furnisher of information has a duty upon notice of dispute to conduct a proper investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency.

29. BRIDGECREST and DRIVETIME failed to conduct a reasonable and adequate investigation or reinvestigation.

30. BRIDGECREST and DRIVETIME has willfully and/or negligently failed and refused to remove the inaccurate credit information, but instead is misusing the credit reporting system as a club to coerce payment of a debt not lawfully due or owing due to the Defendants' unlawful actions.

31. BRIDGECREST and DRIVETIME has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate plaintiff's dispute and by failing to correctly report to each of the credit bureaus.

32. As a result of BRIDGECREST and DRIVETIME's willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

33. Plaintiff has suffered mental and emotional distress, worry, humiliation, embarrassment and damage to reputation as a result of said defendant's actions.

34. Plaintiff has suffered pecuniary loss, suffered credit damages and expended significant time and effort trying to correct his credit report.

**COUNT II - Violation of U.C.C.**
**(Plaintiff v. CARVANA)**

35. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

36. The vehicle repossessed by defendants which is collateral for the debt falls within the definition of "consumer goods" contained in 13 Pa. C.S.A. § 9102. The transaction in question was a consumer-goods transaction in that plaintiffs owed the obligation primarily for personal, family or household purposes, and the collateral was consumer goods.

37. Prior to the repossessions, Defendants were first in breach of the RISC by failing to transfer title and registration to the vehicle after expiration of the vehicle's temporary tag as promised in the RISC. Massachusetts is a strict title state, meaning a "sale" is not consummated until the paperwork and fees have been remitted and CARVANA failed to do this.

38. The aforesaid breach of the RISC by Defendants was material because no consumer purchases a vehicle so that it can sit idle and not be legally operated on the roadways.

39. In the course of the transaction with plaintiff, defendants violated the provisions of Article 9, Part 6 of the U.C.C., in repossessing the Vehicle numerous times in violation of 13 Pa. C.S.A. § 9609 by unlawfully repossessing the vehicle without any precedent legally enforceable default.

40. These U.C.C. violations caused plaintiff actual damages in the amount of the vehicle's value at the time of repossession and, in the alternative, statutory damages under 13 Pa.

C.S.A. § 9625.

**COUNT III - Negligence**
**(Plaintiff v. All Defendants)**

41. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

42. Defendants were negligent in the following respects:

a) failing to institute appropriate policies and procedures to comply with the applicable laws;

b) failing to institute policies, train personnel, and supervise personnel regarding lawful loans in the jurisdictions in which it operates;

c) failing to institute policies, train personnel, and supervise personnel regarding proper towing procedures;

d) failing to hire competent and/or honest personnel, to conduct towing operations;

e) failing to properly train and/or supervise its personnel.

f) failing to take reasonable care before using a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

g) failing to ensure the creditor had any interest in or the present right of possession to the subject vehicle;

h) failing to ensure that the vehicle owner was not in default under any agreement with the creditor ordering the repossession.

i) Failing to institute policies to prevent breach of the peace to effectuate a repossession.

43. Plaintiff suffered actual damages proximately caused by Defendants' negligence as alleged above including but not limited to deprivation of the quite use and enjoyment of the vehicle.

44. The defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties as set forth in this Count and to plaintiffs' indivisible harm and damages more fully described above and below, and render the defendants joint and severally liable to the Plaintiffs.

## COUNT IV - Conversion
## (Plaintiff v. BRIDGECREST and DRIVETIME)

45. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

46. Pursuant to the established business practices established and implemented by all the Defendants, without right or justification, Defendants took possession, dominion and/or control of Plaintiffs' vehicle and denied plaintiffs use and quiet enjoyment thereof.

47. As a result of the Defendants' misconduct, the Plaintiff was deprived of the use and enjoyment of the subject vehicle, incurred inconveniences and frustration, together with the other damages set forth above and below.

48. The Defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties as set forth in this Count and to

plaintiffs' indivisible harm and damages more fully described above and below and render the defendants joint and severally liable to the Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), award actual damages, or not less than $100 and not more than $1,000 for the impermissible access of his credit report, whichever is greater;

B. Pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

C. Pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

D. Damages under the U.C.C. as described herein;

E. Actual damages for loss of the value and use of the vehicle;

F. Punitive damages for conversion of plaintiffs' vehicle;

G. Such other relief as the Court finds appropriate.

**TRIAL BY JURY**

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: February 15, 2024

**/s/ Michael F. Niznik**

Attorney for Plaintiff